**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JUSTIN D. MILLHOUSE,

   Plaintiff,

            **Civil Action 2:21-cv-5210
            Judge Sarah D. Morrison**
  v.          **Magistrate Judge Elizabeth P. Deavers**

DR. ERMIAS SELESHI, *et al.*,

   Defendants.

## REPORT AND RECOMMENDATION

   This matter is before the Court on Plaintiff's motion for default judgment.  (ECF No. 7.)

For the following reasons, it is **RECOMMENDED** that the motion be **DENIED.**

   First, lawsuits from incarcerated individuals are governed, in part, by 42 U.S.C. § 1997e.

Subsection (g)(1) of that statute, entitled "Waiver of reply," states that "Any defendant may

waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other

correctional facility," that "such waiver shall not constitute an admission of the allegations

contained in the complaint," and that "[n]o relief shall be granted to the plaintiff unless a reply

has been filed." The exception to this is that under subsection (g)(2), a court may require a

defendant to reply to a complaint.  However, the Court has not done so here.  Moreover, this

section has been interpreted to mean that an incarcerated plaintiff is not entitled to default

judgment against properly served defendants who have not filed an answer or other response.

*See Vontz v. Monroe*, No. 2:19-CV-12735, 2021 WL 5629046, at *1 (E.D. Mich. June 22, 2021),

*report and recommendation adopted,* No. 219CV12735TGBKGA, 2021 WL 5587339 (E.D.

Mich. Nov. 30, 2021); *Dye v. Hatton*, No. 17-10183, 2018 WL 3237228, at *1 (E.D. Mich. June 5, 2018*), report and recommendation adopted*, No. 17-CV-10183, 2018 WL 3219752 (E.D. Mich. July 2, 2018); *Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (citing cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).

Further, even if default judgment were otherwise available to Plaintiff, he is not entitled to a default judgment for additional reasons. First, sufficient service of process is a prerequisite to entry of default. *See, e.g., Thomas v. Quantum Cmty. Dev. Corp.*, No. CV 16-11954, 2017 WL 4296404, at *2 (E.D. Mich. Aug. 24, 2017), *report and recommendation adopted,* No. 16-CV-11954, 2017 WL 4251826 (E.D. Mich. Sept. 26, 2017) (discussing that motion for default judgment prior to service was premature). Here, the Court's docket reflects only that summonses were issued on November 10, 2021 (ECF No. 5), and that the service documents have been forwarded to the United States Marshal for service on the Defendants. There is no indication on the docket that service has been completed. Plaintiff's motion suggests that he equates the issuance of summons with the completion of service. (ECF No. 7 at 2 "[t]he Defendant[]s were served with the complaint and summons on November 10, 2021….") To the extent this is Plaintiff's understanding, it is incorrect. Issuance of summons only facilitates, but does not complete, service. *See, e.g., West v. Unknown Afr. Am. Nurse*, No. 2:21-CV-10225, 2021 WL 4133743, at *2 (E.D. Mich. Sept. 10, 2021)("To facilitate service, Plaintiff must complete one summons for each defendant and then submit the completed summonses to the Clerk….") Additionally, under Fed. R. Civ. P. 55(a) the Clerk's entry of default is a prerequisite to entry of a default judgment. *Thomas,* at *2 (also noting that default judgment motion was premature

where no default had been entered by the clerk). According to the Court's docket, Plaintiff has neither sought nor obtained such an entry from the Clerk.[1]

In sum, because a default judgment is not permitted against Defendants under the PLRA, and, alternatively, because Plaintiff has failed to satisfy the requirements of Rule 55, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for default judgment. (ECF No. 7.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal

---

[1] The Court notes that, although Plaintiff has captioned his motion as one for default judgment, he cites Fed.R.Civ.P. 55(a) relating to entry of default. However, "[a]n entry of default and a default judgment are distinct events that require separate treatment." *Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004); *see also Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015) (noting the distinction between a motion for default *judgment* pursuant to Rule 55(b) and an application for an *entry* of default pursuant to Rule 55(a)).

the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


Date: December 9, 2021                             ____ /s/ *Elizabeth A. Preston Deavers* ____
                                                               ELIZABETH A. PRESTON DEAVERS
                                                               UNITED STATES MAGISTRATE JUDGE